UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TROY LAMAR JAYNES,<br>  *Plaintiff*,<br><br>  v.<br><br>ROBERT J. SWEENEY, *et al.*,<br>  *Defendants*. | No. 3:21-cv-01464 (VAB) |

**INITIAL REVIEW ORDER**

  Troy Lamar Jaynes ("Plaintiff"), is currently confined at Garner Correctional Institution in Newtown, Connecticut. He has filed a Complaint against Robert J. Sweeney, John T. Walkley, and Vicky Hutchinson (collectively, "Defendants"). Complaint, ECF No. 1 (Nov. 1, 2021) ("Compl."). The allegations asserted against the Defendants arise from legal representations which they provided to Mr. Jaynes in criminal and habeas corpus cases which were litigated in Connecticut state courts during the 1990s and 2000s. Specifically, Mr. Jaynes asserts that the Defendants violated his Sixth Amendment right to the effective representation of counsel.

  For the reasons set forth below, the Complaint is **DISMISSED** in its entirety.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

  In the early 1990s, the state of Connecticut prosecuted Mr. Jaynes on a charge of murder. *State v. Jaynes*, 35 Conn. App. 541, 541 (1994). During this prosecution, Mr. Sweeney represented Mr. Jaynes at a May 10, 1990 probable cause hearing. Compl. at 1. Subsequently, Mr. Walkley represented Mr. Jaynes at a trial which appears to have commenced on or about

1

December 5, 1991. *Id*. Ultimately, a jury convicted Mr. Jaynes of murder. *Jaynes*, 35 Conn. App. at 541.

Following conviction, Mr. Jaynes initiated multiple state habeas corpus cases in which he sought a new trial on the state's murder charge. *See Jaynes v. Warden*, No. CV970002580, 2003 WL 356707 at *1 (Conn. Super. Ct. Jan. 21, 2003). Ms. Hutchinson represented Mr. Jaynes at a trial which was ordered for one of those state habeas cases. Compl. at 1; *Jaynes*, 2003 WL 356707 at *1. This habeas trial culminated in a finding that Mr. Jaynes had not established an ineffective assistance of counsel claim. *Jaynes*, 2003 WL 356707 at *1.

On November 1, 2021, Mr. Jaynes filed a lawsuit in the U.S. District Court of Connecticut, naming Mr. Sweeney, Mr. Walkley, and Ms. Hutchinson as Defendants. Compl. at 1. In this Complaint, Mr. Jaynes alleges that his attorneys violated his Sixth Amendment right to the effective representation of counsel by failing to call, or inadequately questioning, witnesses during the above-noted state court proceedings. *Id*. at 1-6.

In his Complaint, Mr. Jaynes does not specify whether Mr. Sweeney, Mr. Walkley, and Ms. Hutchinson represented him as retained, or court-appointed, attorneys. *Id*. But, in subsequent filings to this Court, Mr. Jaynes has referred to the Defendants, collectively, as his public defenders. *See e.g.*, Notice at 2, ECF No. 55 (June 21, 2022). As a result, this Court presumes that each of the Defendants represented Mr. Jaynes as court-appointed counsel.

## II.    STANDARD OF REVIEW

Under 28 U.S.C. § 1915A(b), district courts must review prisoners' civil complaints against governmental actors and *sua sponte* "dismiss . . . any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks

monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also Liner v. Goord*, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (explaining that, under the Prisoner Litigation Reform Act, *sua sponte* dismissal of frivolous prisoner complaints is mandatory); *Tapia-Ortiz v. Winter*, 185 F.3d 8, 11 (2d Cir. 1999) ("[S]ection 1915A requires that a district court screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint *sua sponte* if, *inter alia,* the complaint is 'frivolous, malicious, or fails to state a claim upon which relief may be granted.'" (quoting 28 U.S.C. § 1915A)).

Rule 8 of the Federal Rules of Civil Procedure requires that a plaintiff plead "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), to provide the defendant "fair notice of what the . . . claim is and the grounds upon which it rests," *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotation marks omitted).

A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level" and assert a cause of action with enough heft to show entitlement to relief and "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570. A claim is facially plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although the Federal Rules of Civil Procedure do not require "detailed factual allegations," a complaint must offer more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Twombly*, 550 U.S. at 555–57. Plausibility at the pleading stage is nonetheless

distinct from probability, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the claim] is improbable, and . . . recovery is very remote and unlikely." *Id*. at 556 (internal citation and quotation marks omitted).

Complaints filed by *pro se* plaintiffs, however, "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F. 3d 471, 474 (2d Cir. 2006) (internal quotation marks omitted)); *see also Tracy v. Freshwater*, 623 F. 3d 90, 101–02 (2d Cir. 2010) (discussing the "special solicitude" courts afford *pro se* litigants).

### III.   DISCUSSION

Section 1983 of Title 42 of the United States Code creates a private federal cause of action against any person, acting under color of state law, who deprives an individual of federally or constitutionally protected rights. *See Rehberg v. Paulk*, 566 U.S. 356, 361 (2012). In this § 1983 action at hand, Mr. Jaynes alleges that the Defendants violated his Sixth Amendment right to effective representation of counsel by failing to call, or inadequately questioning, witnesses during state criminal and habeas corpus proceedings. Compl. at 1-6; *see also*, *Strickland v. Washington*, 466 U.S. 668, 686 (1984) (recognizing the Sixth Amendment right to the effective representation of counsel during a criminal prosecution).

Mr. Jaynes, however, has failed to state claims upon which relief may be granted.

Court-appointed attorneys do not act "under color of state law" when they perform a lawyer's traditional function as counsel to an indigent client in state criminal or habeas corpus proceedings. *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[W]e decide only that a public defender does not act under color of state law when performing a lawyer's traditional functions

4

as counsel to a defendant in a criminal proceeding."); *see Rodriguez v. Weprin*, 116 F.3d 62, 65–66 (2d Cir. 1997) ("[I]t is well-established that court-appointed attorneys performing a lawyer's traditional functions as counsel to defendant do not act 'under color of state law' and therefore are not subject to suit under 42 U.S.C. § 1983." (internal citation omitted)). And each of the Defendants appear to have legally represented Mr. Jaynes as public defenders.[1]

Accordingly, Mr. Jaynes' claims against these Defendants will be dismissed.

## ORDERS

The Court enters the following orders:

(1)  The claims asserted against Robert J. Sweeney, John T. Walkley, and Vicky Hutchinson are **DISMISSED** under 28 U.S.C. § 1915A(b)(1).

(2)  The Clerk of Court is directed to enter judgment for the Defendants and close this case.

**SO ORDERED** at Bridgeport, Connecticut, this 1st day of July, 2022.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE

---

[1] Notably, this outcome would be no different if the Defendants had represented Mr. Jaynes as retained counsel. In *Polk County*, the U.S. Supreme Court rejected an argument that criminal defense attorneys, generally speaking, act "under color of state law" when representing clients, before addressing the more specific question of whether public defenders, by virtue of their state employment, act "under color of state law" when representing clients. *Polk Cty.*, 454 U.S. at 318–19 ("The system assumes that adversarial testing will ultimately advance the public interest in truth and fairness. But it posits that a defense lawyer best serves the public, not by acting on behalf of the State or in concert with it, but rather by advancing 'the undivided interests of his client.'" (quoting *Ferri v. Ackerman*, 444 U.S. 193, 204 (1979))).